

Benoit Quarmby
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8157
F: 212.607.8161
bquarmby@mololamken.com
www.mololamken.com

December 5, 2018

**BY ECF**

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Workforce Resource, LLC v. 1/0 Capital, LLC, et al.*, No. 1:18-cv-9976 (S.D.N.Y.)

Dear Judge Koeltl:

  I represent Defendants 1/0 Capital, LLC, Better Mortgage Corporation, TheNumber, LLC, Phoenix ABS, Ziggy Jonsson, and Viral Shah in the above-captioned matter. Defendants request a pre-motion conference regarding their proposed motion to dismiss the complaint.[1]

  Plaintiff Workforce Resource, LLC, alleges that "an entity or individual(s)" used a data-scraping program to "download, copy and record, and enable republishing of" public information about homebuyer-assistance programs from its website. Dkt. 1 ("Compl.") ¶¶ 5, 8, 43. Website users allegedly accessed that content only after clicking a box to confirm that the users were not a robot and filling out a survey with their contact information. *Id.* ¶¶ 27, 31, 89 & Ex. B. That survey, Plaintiff alleges, required users to acknowledge that they had read the website's Terms of Use, which prohibited employing "any robot . . . or other device to retrieve, scrape or index any portion of this Site[.]" *Id.* ¶ 39 & Ex. A. Based on those allegations, Plaintiff asserts claims arising under (1) the Computer Fraud and Abuse Act ("CFAA"), (2) the Digital Millennium Copyright Act ("DMCA"), (3) breach of contract, and (4) trespass.

  Those claims should be dismissed. *See* Fed. R. Civ. P. 12(b)(6). No factual allegations establish the required elements of each claim. Public archives of Plaintiff's website contradict the complaint's key allegation—that the website contained code to prevent data scraping. And no allegations establish that several Defendants had any role in the collection of website data.

### I. Plaintiff's Federal Claims Should Be Dismissed

#### A. The Complaint Fails To State a CFAA Claim

  The CFAA claim should be dismissed for at least three reasons. First, the complaint does not establish the required scienter element. The CFAA imposes liability on a person for access-

---

[1] At the same time as this letter, Defendants also are filing a letter motion requesting a briefing schedule for a proposed motion to compel arbitration and an extension of time to answer or otherwise respond to the complaint until 30 days after its ruling on the motion to compel. The Court's ruling on the motion to compel may impact the timing of this pre-motion conference.

ing a protected computer without authorization only if a person acts "intentionally" or "knowingly and with intent to defraud."  18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(C), (a)(4); *see also* Compl. ¶ 83-84.  That intent is not sufficiently alleged here.  The complaint relies on conclusory assertions about what Defendants intended to do.  *See, e.g.*, Compl. ¶¶ 69, 82.  Indeed, the complaint does not even allege that three of the six Defendants—1/0 Capital, Better Mortgage, and Viral Shah—participated in the alleged data scraping.  *See id.* ¶¶ 50-55.

Second, the complaint does not establish the requisite loss.  The CFAA provides a cause of action for the unauthorized access of a protected computer only if the access results in "damage or loss" of at least $5,000.  *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 562-63 (2d Cir. 2006) (quoting 18 U.S.C. § 1030 (g)).  The complaint nowhere explains how a program that ran searches of public data for no more than a few seconds caused such severe damage.  *See* Compl. ¶ 5.  Plaintiff relies on conclusory assertions instead.  *See, e.g., id.* ¶¶ 78, 85.  Plaintiff's speculative allegations of lost revenue or reputational harm cannot cure that pleading defect.  Such harm does not "relate to [Plaintiff's] computer systems" and is not a "cognizable loss" under the CFAA.  *Nexans*, 166 F. App'x 562-63; *see also LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 514 (S.D.N.Y. 2015).

Third, the complaint does not establish that Defendants accessed the website "without authorization" or "us[ed]" their authorized "access improperly."  *Musacchio v. United States*, 136 S. Ct. 709, 713 (2016).  The website was available to the public; Plaintiff does not allege that it "revoked" Defendants' permission to use it.  *See Advanced Aerofoil Techs., AG v. Todaro*, No. 11-cv-9505, 2013 WL 410873, at *5 (S.D.N.Y. Jan. 30, 2013).  Moreover, while the complaint asserts that Defendants used a data-scraping program without authorization, Compl. ¶ 82, it offers "nothing but conjecture and speculation" to show that several Defendants had anything to do with it.  *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 526-27 (S.D.N.Y. 2013).

### B.     The Complaint Fails To State a DMCA Claim

The complaint likewise fails to state a DMCA claim—and in any event is contradicted by public caches of Plaintiff's website.  The DMCA safeguards "the efforts of copyright owners to protect their works from piracy behind digital walls such as encryption codes or password protections."  *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d Cir. 2001).  To bring a DMCA claim, a plaintiff must establish that a person "circumvent[ed]" a "technological measure" that effectively controls access to a protected work.  17 U.S.C. § 1201(a)(1)(A).

No allegations establish that the Plaintiff's website—which allegedly required users to provide contact information and click a box, Compl. ¶ 42 & Ex. B—had such a technological measure.  A survey that asks for contact information is not a "technological measure" "designed to thwart unauthorized access."  *LivePerson*, 83 F. Supp. 3d at 511.  Nor does the complaint explain how asking a user to click a "box acknowledging that the user is not a robot," Compl. ¶ 42 & Ex. B, is a technological measure that controls access—like an encryption barrier or a "digital wall."  *Dish Network LLC v. World Cable Inc.*, 893 F. Supp. 2d 452, 464 (E.D.N.Y. 2012).  In any event, public caches of the Plaintiff's website appear to show that it lacked the box when the alleged scraping occurred, and that the box was added only ***after*** the alleged events.

Nor does the complaint establish that Defendants "circumvented" a technological measure within the meaning of the DMCA. Circumvention requires a person "to descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. §1201(a)(3)(A). "[U]sing deception to gain access to copyright material," such as through the entry of a false name or email address, "is not the type of 'circumvention' that Congress intended to combat in passing the DMCA." *Dish Network LLC*, 893 F. Supp. 2d at 464. The alleged technological measures here did not require circumvention—"the electronic equivalent of breaking into a locked room in order to obtain a copy of a book." *Id.* at 465. The survey and box described above asked users for information. But no technological barrier prevented users who gave incorrect answers from accessing the website. The DMCA claim rests on insufficient—and incorrect—allegations.

## II. The State-Law Claims Should Be Dismissed

The state-law claims should be dismissed as well. The complaint invokes this Court's supplemental jurisdiction. Compl. ¶¶13-14. As discussed above, however, Plaintiff's federal claims fail. The Court should therefore dismiss the remaining state-law claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Besides, the breach-of-contract and trespass claims are defective. The complaint does not plausibly connect 1/0 Capital, Better Mortgage, or Viral Shah to the alleged scraping—much less show how they agreed to and violated the website's Terms of Use. *See* Compl. ¶¶50-56. Nor does the complaint allege that Defendants committed a trespass. The website was available for public use. Plaintiff's bare assertion that a program (which ran for only a few seconds) caused its website to have "reduce[d] . . . capacity to service its users" is insufficient to state a trespass claim. Compl. ¶107; *see Mount v. PulsePoint, Inc.*, No. 13-cv-6592, 2016 WL 5080131, at *9 (S.D.N.Y. Aug. 17, 2016), *aff'd*, 684 F. App'x 32 (2d Cir. 2017), *as amended* (May 3, 2017).

## III. No Allegations Support Veil Piecing

Plaintiff's claims against 1/0 Capital; Better Mortgage; and Ziggy Jonsson and Viral Shah, partners of 1/0 Capital, should be dismissed regardless. *See* Compl. ¶¶16-17, 22-23. Plaintiff attributes the data scraping to an account it associates with TheNumber, Phoenix ABS, and an email Jonsson used "in connection with his work for Defendant TheNumber and Defendant Phoenix ABS." *Id.* ¶¶51, 55. Yet Plaintiff brings claims against individuals and other corporate entities, asserting "no distinction between or among the Defendants" and that "all acts of the Defendants" must "be treated as the acts of the other Defendants." *Id.* ¶12. That defies the general rule that courts must respect the "corporate veil." *United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 109 (2d Cir. 2000). Bare assertions cannot overcome the "heavy" presumption against veil piercing. *See White v. Nat'l Home Prot., Inc.*, No. 09-cv-4070, 2010 WL 1706195, at *3 (S.D.N.Y. Apr. 21, 2010).

\*   \*   \*

For the foregoing reasons, Defendants respectfully request a pre-motion conference regarding their proposed motion to dismiss.

3

                                          Respectfully submitted,

                                            /s/ Benoit Quarmby
                                              Benoit Quarmby

cc:    All counsel of record via CM/ECF